IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**CRYPTIC STUDIOS, INC.;**<br>**ELECTRONIC ARTS, INC.; GAIA**<br>**INTERACTIVE, INC.; PEARSON**<br>**EDUCATION, INC.; PLAYFISH, INC.;**<br>**PLAYDOM, INC.; TURBINE, INC.;**<br>**WALT DISNEY CO.; AND ZYNGA, INC.**<br>　　　　　　　　　**Defendants.** | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against Defendants Cryptic Studios, Inc. ("Cryptic"); Electronic Arts, Inc. ("EA"); Gaia Interactive, Inc. ("Gaia"); Pearson Education, Inc. ("Pearson"); Playdom, Inc. ("Playdom"); Playfish, Inc. ("Playfish"); Turbine, Inc. ("Turbine"); Walt Disney Co. ("Disney"); and Zynga, Inc. ("Zynga"):

### THE PARTIES AND PATENTS-IN-SUIT

1.　　Plaintiff Walker Digital, LLC is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905. Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.　　On information and belief, Defendant Cryptic is a California corporation with its principal place of business located at 980 University Avenue, Los Gatos, California 95032.

3. On information and belief, Defendant EA is a Delaware corporation with its principal place of business located at 209 Redwood Shores Parkway, Redwood City, California 94065.

4. On information and belief, Defendant Gaia is a Delaware corporation with its principal place of business located at 1741 Technology Dr., Suite 500, San Jose, California 95110.

5. On information and belief, Defendant Pearson is a Delaware corporation with its principal place of business located at 1 Lake St., Upper Saddle River, New Jersey 07458.

6. On information and belief, Defendant Playdom is a Delware corporation with its principal place of business located at 100 W Evelyn Ave, Suite 110, Mountain View, California 94041.

7. On information and belief, Defendant Playfish is a Delaware corporation with its principal place of business located at 209 Redwood Shores Parkway, Redwood City, California 94065.

8. On information and belief, Defendant Turbine is a Delaware corporation with its principal place of business located at 60 Glacier Dr., Suite 4000, Westwood, Massachusetts 02090.

9. On information and belief, Defendant Disney is a Delaware corporation with its principal place of business located at 500 S. Buena Vista Street, Burbank, California 91521.

10. On information and belief, Defendant Zynga is a Delaware corporation with its principal place of business located at 365 Vermont St., San Francisco, California 94103.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. On information and belief, Defendants are subject to this Court's jurisdiction because Defendants have, upon information and belief, transacted business in this district including, more specifically, directly and/or through intermediaries, shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of their products and/or services in the State of Delaware. Moreover, Defendants EA, Gaia, Pearson, Playdom, Playfish, Turbine, Disney and Zynga are corporations organized and existing under the laws of the State of Delaware. All Defendants, upon information and belief, are doing substantial business in this District, and have committed acts of patent infringement in this District.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENT

14. On March 4, 2003, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,527,638 ("the '638 patent"), entitled "Secure Improved Remote Gaming System" to Jay S. Walker and Bruce Schneier, who assigned their rights and interests in the '638 patent to Walker Digital. A true and correct copy of the '638 patent is attached as Exhibit A.

15. Walker Digital is thus the owner of the '638 patent.

## FACTUAL BACKGROUND

16.     Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.   Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing, and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.   The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.  As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

17.     Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and the team of innovators.  This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.  Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the subscription purchase system and method described and claimed in the '638 patent, were a direct result of that investment.

18.     The '638 patent represents breakthrough technology in the field of remote gaming.  Through the inventions of the '638 patent, users can obtain and use gaming credit rather than some form of direct payment.  By way of example and without limitation, game providers

can offer and consumers can purchase prepaid cards that enable users to play remote games without making an in-game or online credit card transaction.

## COUNT I

### (Infringement of the '638 patent)

19.     Walker Digital incorporates and realleges the allegations of paragraphs 1-17.

20.     Upon information and belief, Defendant Cryptic is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Cryptic games such as Star Trek Online and Champions Online, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

21.     Upon information and belief, Defendant EA is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play EA games such as Sim 3 Online and games on Pogo.com, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

22.     Upon information and belief, Defendant Gaia is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by,

among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Gaia games such as zOMG Online Game, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

23. Upon information and belief, Defendant Pearson is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Pearson games such as Poptropica, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

24. Upon information and belief, Defendant Playdom is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Playdom games such as Mobsters 2: Vendetta and Social City, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

25. Upon information and belief, Defendant Playfish is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Playfish games such as EA Sports FIFA Superstars, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

26. Upon information and belief, Defendant Turbine is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Turbine games such as Lord of the Rings Online, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

27. Upon information and belief, Defendant Disney is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Disney games such as Toontown Online, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked

to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

28. Upon information and belief, Defendant Zynga is infringing (literally and/or under the doctrine of equivalents) the '638 patent in this District and throughout the United States by, among other things, making and using systems for selling and receiving prepaid credits that enable consumers to play Zynga games such as CityVille, FarmVille, FrontierVille and Café World, covered by, without limitation, claim 11 of the '638 patent. By way of example and without limitation, Defendant sells prepaid credits or cards, online and through retail establishments, that are linked to a credit value code associated with a monetary value. When Defendant receives the credit value code from the consumer it enables the consumer to play Defendants' electronic games.

29. Defendants committed these acts of infringement without license or authorization.

30. Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '638 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Defendants:

(a) A judgment in favor of Walker Digital that Defendants have directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '638 patent;

(b) A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '638 patent;

(c) A judgment and order requiring Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '638 patent;

(d) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(e) Any and all such other relief as the Court deems just

May 13, 2011

Of Counsel:

  James C. Otteson
  David A. Caine
  Thomas T. Carmack
  Agility IP Law, LLC
  1900 University Circle
  Suite 201
  East Palo Alto, CA 94303
  jim@agilityiplaw.com
  dacaine@agilityiplaw.com
  tom@agilityiplaw.com
  (650) 227-4800

BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

Attorneys for Plaintiff Walker Digital, LLC