IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-423 (LPS) |
| | ) | |
| CRYPTIC STUDIOS, INC.; ELECTRONIC ARTS, INC; GAIA INTERACTIVE, INC; PEARSON EDUCATION, INC; PLAYFISH, INC.; PLAYDOM, INC.; TURBINE, INC.; WALT DISNEY CO.; and ZYNGA, INC., | ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANT CRYPTIC STUDIOS, INC. TO THE COMPLAINT**

Defendant Cryptic Studios, Inc. ("Cryptic") by and through its attorneys, answers Plaintiff Walker Digital, LLC's ("Plaintiff's") Complaint ("Complaint") and asserts defenses and counterclaims as follows:

**THE PARTIES AND PATENTS-IN-SUIT**

1. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies each and every allegation of paragraph 1 of the Complaint.

2. Cryptic admits the allegations set forth in paragraph 2 of the Complaint.

3. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, on that basis, denies each and every allegation of paragraph 3 of the Complaint.

4. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and, on that basis, denies each and every allegation of paragraph 4 of the Complaint.

5. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, on that basis, denies each and every allegation of paragraph 5 of the Complaint.

6. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, on that basis, denies each and every allegation of paragraph 6 of the Complaint.

7. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, on that basis, denies each and every allegation of paragraph 7 of the Complaint.

8. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, on that basis, denies each and every allegation of paragraph 8 of the Complaint.

9. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, on that basis, denies each and every allegation of paragraph 9 of the Complaint.

10. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, denies each and every allegation of paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11. Cryptic admits that Plaintiff purports to bring this action under Title 35 of the United States Code as a claim for patent infringement. Cryptic denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Cryptic admits that subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Cryptic denies the allegations of paragraph 11 of the Complaint.

12. Cryptic admits only that this Court has personal jurisdiction over Cryptic for purposes of this action. Cryptic denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Cryptic is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 12 of the Complaint. Except as expressly admitted herein, Cryptic denies the allegations of paragraph 12 of the Complaint.

13. Cryptic admits venue is proper in the District of Delaware under Title 28 of the United States Code sections 1391 and 1400 as to Cryptic. Except as expressly admitted herein, Cryptic denies the allegations of paragraph 13 of the Complaint.

**THE ASSERTED PATENT**

14. Cryptic admits that United States Patent No. 6,527,638 (the "'638 patent") is entitled "Secure Improved Remote Gaming System." Cryptic further admits that the '638 patent states on its face that the named inventors are Jay Walker and Bruce Schneier, that it issued on March 4, 2003, and that Walker Digital, LLC is an assignee. Cryptic further admits

that Plaintiff purports to attach a copy of the '638 patent as Exhibit A to the Complaint. Except as expressly admitted herein, Cryptic denies the allegations of paragraph 14 of the Complaint.

15. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and, on that basis, denies each and every allegation of paragraph 15 of the Complaint.

## FACTUAL BACKGROUND

16. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, on that basis, denies each and every allegation of paragraph 16 of the Complaint.

17. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, on that basis, denies each and every allegation of paragraph 17 of the Complaint.

18. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, on that basis, denies each and every allegation of paragraph 18 of the Complaint.

## COUNT I

### (Alleged Infringement of the '638 patent)

19. Cryptic incorporates by reference its responses to paragraphs 1-18 of the Complaint as if fully set forth herein.

20. Cryptic admits only that it develops the online role-playing games, *Star Trek Online* and *Champions Online* and that these games are playable from within this judicial district. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20, and on that basis, denies the remaining

allegations in paragraph 20 of the Complaint. Cryptic denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Except as expressly admitted herein, Cryptic denies the allegations of paragraph 20 of the Complaint.

21. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, on that basis, denies each and every allegation of paragraph 21 of the Complaint.

22. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and, on that basis, denies each and every allegation of paragraph 22 of the Complaint.

23. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and, on that basis, denies each and every allegation of paragraph 23 of the Complaint.

24. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and, on that basis, denies each and every allegation of paragraph 24 of the Complaint.

25. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and, on that basis, denies each and every allegation of paragraph 25 of the Complaint.

26. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and, on that basis, denies each and every allegation of paragraph 26 of the Complaint.

27. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and, on that basis, denies each and every allegation of paragraph 27 of the Complaint.

28. Cryptic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and, on that basis, denies each and every allegation of paragraph 28 of the Complaint.

29. Cryptic denies each and every allegation of paragraph 29 as to Cryptic. Cryptic denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Cryptic is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 29 of the Complaint.

30. Cryptic denies each and every allegation of paragraph 30 as to Cryptic. Cryptic denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Cryptic is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 30 of the Complaint.

31. In response to Plaintiff's Prayer for Relief, Cryptic denies that Plaintiff is entitled to any relief sought in Paragraphs (a) through (e) of the Prayer for Relief.

32. Any remaining allegations in the Complaint that are not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

Cryptic asserts the following affirmative defenses to the Complaint. Assertion of such a defense is not a concession that Cryptic has the burden of proving the matter asserted.

### First Affirmative Defense

33. Cryptic has not infringed, and does not infringe, either literally or by application of the doctrine of equivalents, the '638 patent.

### Second Affirmative Defense

34. The '638 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

### Third Affirmative Defense

35. Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law for any alleged injury, and there is a compelling public interest in allowing Cryptic to continue to make, sell, offer to sell, and distribute its offerings.

### Fourth Affirmative Defense

36. Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

37. Plaintiff's available remedies are limited or barred by 35 U.S.C. § 286.

### Sixth Affirmative Defense

38. Plaintiff is barred by the doctrines of prosecution history estoppel and prosecution disclaimer from maintaining that Cryptic infringes any claim of the '638 patent.

## COUNTERCLAIMS

In addition to its affirmative defenses, Cryptic Studios, Inc. ("Cryptic") further asserts the following counterclaims against Walker Digital, LLC ("Counterclaim-Defendant").

## THE PARTIES

39. Cryptic is a corporation duly organized and existing under the laws of California, and its principal place of business is located at 980 University Avenue, Los Gatos, California.

40. On information and belief, Counterclaim-Defendant is a Delaware limited liability company with its principal place of business at 2 High Ridge Park, Stamford, Connecticut.

## JURISDICTION AND VENUE

41. These Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

42. This Court has personal jurisdiction over Counterclaim-Defendant at least because it has submitted to the jurisdiction of this Court, including but not limited to by filing its Complaint for Patent Infringement in this judicial district.

43. Venue is proper under 28 U.S.C. §§ 1391 at least by virtue of Counterclaim-Defendant's filing its Complaint for Patent Infringement in this judicial district.

44. On or about March 4, 2003, United States Patent No. 6,527,638 (the "'638 patent") entitled "Secure Improved Remote Gaming System" issued.

45. Counterclaim-Defendant asserts that Cryptic infringes the '638 patent. Cryptic asserts that the '638 patent is invalid. Cryptic further asserts that it has not infringed and

is not infringing the '638 patent. Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Cryptic and Counterclaim-Defendant.

46. Cryptic is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '638 patent, and that the '638 patent is invalid.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

47. Paragraphs 39-46 are incorporated by reference as if fully set forth herein.

48. On or about May 13, 2011, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Cryptic infringes the '638 patent.

49. Cryptic has not infringed and is not infringing the '638 patent, either literally or by application of the doctrine of equivalents.

50. Pursuant to 28 U.S.C. § 2201(a), and as a result of Counterclaim-Defendant's allegations against Cryptic, an actual and justiciable controversy has arisen and exists between Cryptic and Counterclaim-Defendant. Cryptic is entitled to a judicial determination and declaration that it has not infringed the '638 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

51. Paragraphs 39-46 are incorporated by reference as if fully set forth herein.

52. On or about May 13, 2011, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Cryptic infringes the '638 patent.

53. The '638 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

54. Pursuant to 28 U.S.C. § 2201(a), and as a result of Counterclaim-Defendant's allegations against Cryptic, an actual and justiciable controversy has arisen and

exists between Cryptic and Counterclaim-Defendant. Cryptic is entitled to a judicial determination and declaration the '638 patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Cryptic prays as follows:

A. That the Complaint be dismissed in its entirety with prejudice and that a Judgment be entered for Cryptic;

B. That Plaintiff take nothing by reason of its Complaint;

C. For a declaratory judgment that:

(i) Cryptic does not infringe, either literally or by application of the Doctrine of Equivalents, any valid and enforceable claim of the '638 patent;

(ii) The '638 patent is invalid; and

(iii) Counterclaim-Defendant, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them, are without right or authority to threaten or maintain suit against Cryptic, its present or prospective customers, agents, servants, or employees, or users of Cryptic's products, for alleged infringement of the '638 patent;

D. For an injunction prohibiting Plaintiff, its officers, servants, employees, agents and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening Cryptic, its present or prospective customers, agents, servants, or employees, or users of Cryptic's products, with infringement litigation or charging any of them either orally or in writing with infringement of the '638 patent, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any Cryptic products;

E. That Cryptic be awarded under 35 U.S.C. § 285 its attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

F. For such other relief as the Court deems proper.

## DEMAND FOR A JURY TRIAL

Cryptic demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Melissa L. Troutner*

Jack B. Blumenfeld (#1014)
Melissa L. Troutner (#4627)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mtroutner@mnat.com

*Attorneys for Defendant Cryptic Studios, Inc.*

Of Counsel:

Wayne M. Barsky
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067
310.552.8500

Jason C. Lo
Timothy P. Best
Jennifer J. Rho
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
213.229.7000

Neema Jalali
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
415.393.8258

July 22, 2011

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard D. Kirk, Esquire
>Stephen B. Brauerman, Esquire
>BAYARD, P.A.
>
>John W. Shaw, Esquire
>Pilar G. Kramen, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>Karen V. Sullivan, Esquire
>DRINKER BIDDLE & REATH LLP

I further certify that I caused copies of the foregoing document to be served on July 22, 2011, upon the following in the manner indicated:

Richard D. Kirk, Esquire                               *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
*Attorneys for Plaintiff*

James C. Otteson, Esquire                              *VIA ELECTRONIC MAIL*
David A. Caine, Esquire
Thomas T. Carmack, Esquire
AGILITY IP LAW, LLC
1900 University Circle
Suite 201
Palo Alto, CA 94303
*Attorneys for Plaintiff*

John W. Shaw, Esquire                                  *VIA ELECTRONIC MAIL*
Pilar G. Kramen, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street
Wilmington, DE 19801
*Attorneys for Pearson Education, Inc.*

Amr O. Aly, Esquire  *VIA ELECTRONIC MAIL*
Kilpatrick Townsend & Stockton LLP
31 W. 52nd Street, 14th Floor
New York, NY  10019
*Attorneys for Pearson Education, Inc.*

Karen V. Sullivan, Esquire  *VIA ELECTRONIC MAIL*
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
*Attorneys for Playdom Inc. and Walt Disney Co.*

Michael J. Burg, Esquire  *VIA ELECTRONIC MAIL*
Patrick J. Kelleher, Esquire
Wilson M. Brown, Esquire
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
*Attorneys for Playdom Inc. and Walt Disney Co.*

David J. Goldstone, Esquire  *VIA ELECTRONIC MAIL*
Douglas J. Kline, Esquire
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
*Attorneys for Gaia Interactive, Inc.*

Rebecca Unruh, Esquire  *VIA ELECTRONIC MAIL*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
*Attorneys for Gaia Interactive, Inc.*

*/s/ Melissa L. Troutner*

Melissa L. Troutner (#4627)